```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
NERSA KERCADO on behalf of J.T.,                :

               Plaintiff,                        :      08 Civ. 478 (GWG)

        -v.-                                     :
                                                        OPINION AND ORDER
MICHAEL J. ASTRUE,                              :
Commissioner of Social Security,
                                                 :
               Defendant.
---------------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

     Plaintiff Nersa Kercado, on behalf of her son J.T., brings this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Commissioner of Social Security (the "Commissioner") denying his claim for Social Security disability benefits. The parties have consented to disposition of this matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). The Commissioner has moved for remand pursuant to the fourth sentence of 42 U.S.C. § 405(g). For the reasons stated below, the Commissioner's motion is granted.

I.    BACKGROUND

     Kercado filed for disability benefits on J.T.'s behalf on April 21, 2005. See Administrative Record ("R."), annexed to Answer, filed July 2, 2008 (Docket # 8), at 25-27. The application was denied, R. 19, and Kercado requested a hearing before an administrative law judge ("ALJ"), R. 24. The hearing was held on December 5, 2006. R. 199-214. The ALJ found that J.T. was not entitled to disability benefits, R. 10-18, and the Appeals Council denied Kercado's request for review, R. 7-A to 7-C.

     Kercado filed suit in this Court on January 18, 2008. See Complaint, filed Jan. 18, 2008 (Docket # 2). The Commissioner now moves for remand, asserting that the ALJ failed to develop the administrative record properly and that further proceedings are necessary to determine whether J.T. is disabled. See Notice of Motion, filed Aug. 4, 2008 (Docket # 12); Defendant's Memorandum of Law in Support of his Motion for Remand, filed Aug. 4, 2008 (Docket # 11) ("Def. Mem."). Kercado agrees that the record was not developed properly, see Plaintiff's Memorandum in Opposition, dated Sept. 29, 2008, at 2, but argues that the Commissioner has "already had several opportunities to review this case," Affirmation in Opposition to Motion, dated Aug. 13, 2008 ("Pl. Aff."), at ¶ 3, and urges the court to reach a decision on the merits, id.

II.     DISCUSSION

The Commissioner seeks remand under sentence four of 42 U.S.C. § 405(g), which provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). It is well settled that the ALJ has an affirmative duty to develop the record in a disability benefits case and that remand is appropriate where this duty is not discharged. See, e.g., Rosa v. Callahan, 168 F.3d 72, 79-84 (2d Cir. 1999); Clark v. Comm'r of Soc. Sec., 143 F.3d 115, 118-19 (2d Cir. 1998). The non-adversarial nature of a Social Security hearing requires the ALJ "to investigate the facts and develop the arguments both for and against granting benefits." Sims v. Apfel, 530 U.S. 103, 111 (2000) (citing Richardson v. Perales, 402 U.S. 389, 400-01); accord Ceballos v. Bowen, 649 F. Supp. 693, 698 (S.D.N.Y. 1986). "[W]hen the claimant is unrepresented, the ALJ is under a heightened duty 'to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts.'" Cruz v. Sullivan, 912 F.2d 8, 11 (2d Cir. 1990) (quoting Echevarria v. Sec'y of Health and Human Servs., 685 F.2d 751, 755 (2d Cir. 1982)).

Here, the Commissioner concedes that the ALJ insufficiently developed the record by (1) failing to acquire the records from each of J.T.'s hospitalizations, Def. Mem. at 5-7; and (2) failing to "secure a knowing waiver of counsel from plaintiff at the hearing," id. at 7. Indeed, a review of the administrative record reveals that the ALJ did not obtain copies of medical records despite indications in the record that J.T. had been hospitalized on multiple occasions for his asthma. See R. 82 (photocopy of hospital bracelet); R. 83-84 (hospital discharge paperwork); R. 124 (noting three emergency room visits in the last six months); R. 137 (same); R. 166 (noting two hospitalizations per year). Moreover, Kercado and the ALJ discussed the absence of emergency room records at the hearing. See R. 210-11.

Kercado has provided the Court with copies of J.T.'s hospital records, see Ex. D to Pl. Aff., and requests that the Court rule on J.T.'s application for benefits based in part on those submissions, see Pl. Aff. at ¶ 3. Judicial review of Social Security cases, however, is limited to a review based on the pleadings and the administrative "record." See 42 U.S.C. § 405(g). Thus, the additional evidence being offered must be considered in the first instance by the Commissioner and the case must be remanded for this purpose.[1]

---

[1] As noted, the Commissioner also requests remand on the basis of the ALJ's purported failure to "secure a knowing waiver of counsel from plaintiff at the hearing." Def. Mem. at 7. Given that the case must be remanded anyway, it is not necessary to reach the question of whether the interaction with the claimant was sufficient to ensure that the claimant was aware of the right to counsel. See Robinson v. Sec'y of Health and Human Servs., 733 F.2d 255, 257 (2d Cir. 1984) ("The claimant is entitled to be represented by counsel at the hearing and the ALJ must ensure that the claimant is aware of this right.") (citation omitted). Accordingly, on remand, the Commissioner should ensure that Kercado understands this right.

IV.     CONCLUSION

For the foregoing reasons, the Commissioner's motion to remand is granted.  The Commissioner's decision is reversed and the case is remanded to the Commissioner for further administrative proceedings consistent with this opinion.  The Clerk is requested to enter judgment and to close this case.

SO ORDERED.

Dated:  December 3, 2008
        New York, New York

                                                _____
                                                GABRIEL W. GORENSTEIN
                                                United States Magistrate Judge

Copies sent to:

Nersa Kercado
230 Yonkers Avenue
Yonkers, NY 10701

Susan C. Branagan
Assistant United States Attorney
86 Chambers Street
New York, NY 10007

IV.     CONCLUSION

For the foregoing reasons, the Commissioner's motion to remand is granted. The Commissioner's decision is reversed and the case is remanded to the Commissioner for further administrative proceedings consistent with this opinion. The Clerk is requested to enter judgment and to close this case.

SO ORDERED.

Dated: December 3, 2008
       New York, New York

                                                        _____
                                                        GABRIEL W. GORENSTEIN
                                                        United States Magistrate Judge

Copies sent to:

Nersa Kercado
230 Yonkers Avenue
Yonkers, NY 10701

Susan C. Branagan
Assistant United States Attorney
86 Chambers Street
New York, NY 10007